FILED
OCT 1 1 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL E. BARGO, JR.,

    Plaintiff,

v.     Civil Action No. 17-1744 (UNA)

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The plaintiff's claims pertain "to the current practices and policies of the Defendants, with regard to . . . mandatory spending, budget deficits, and debt." Compl. ¶ 1. According to the plaintiff, the defendants' "practices have diluted the value of his votes and the votes of all other voters in the United States[.]" *Id.*; *see id.* ¶¶ 3, 8. The plaintiff asserts that, because a large percentage of the national budget is devoted to mandatory spending, *see generally id.* ¶¶ 25-43, "the value of his vote [is] zero," *id.* ¶ 45, such that his "right to speak, as well as his right not to speak, is deprived," *id.* ¶ 46.

"Three inter-related judicial doctrines – standing, mootness, and ripeness – ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006). Particularly relevant here is the plaintiff's standing to sue: at a minimum, he "must have suffered an 'injury in fact,'" that is "actual or imminent, not 'conjectural' or 'hypothetical,'" that there be a causal connection between the injury and the conduct complained of," and that it "be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

This plaintiff does not allege that he has suffered personally from the alleged dilution of his vote. He is "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – [which] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Rather, his "stake is no greater and his status no more differentiated than that of millions of other voters." *Berg v. Obama*, 574 F.Supp.2d 509, 2008 WL 4691981, at *6 (E.D. Pa. Oct. 24, 2008); *cf. Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) ("[T]the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government. In light of the size of the federal budget, it is a complete fiction to argue that an unconstitutional federal expenditure causes an individual federal taxpayer any measurable economic harm.").

The Court concludes that the plaintiff lacks standing and, accordingly, dismisses the complaint without prejudice for lack of subject matter jurisdiction. The plaintiff's application to proceed *in forma pauperis* will be granted.

An Order accompanies this Memorandum Opinion.

DATE: 10/10/17

_____
United States District Judge